```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
ROBERTA WEINGARTEN,                              Civil Action No.:

                    Plaintiff,

      -against-                                  CLASS ACTION COMPLAINT

RETRIEVAL-MASTERS CREDITORS                      DEMAND FOR JURY TRIAL
BUREAU, INC.,

                    Defendant(s).
-----------------------------------------------------------------X
```

Plaintiff, ROBERTA WEINGARTEN ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for her Complaint against the Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2.      Plaintiff ROBERTA WEINGARTEN is a resident of the State of Connecticut, with an address at 399 Cascade Road, Stamford, CT 06903.

3.      Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. is a corporation engaged in the business of debt collection in the State of New York with an address at 4 Westchester Plaza, Suite 110, Elmsford, New York 10523.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or

letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, Defendants began their campaign of

communications with the Plaintiff by mailing her a mass-produced form letter dated January 13, 2014 (attached hereto as Exhibit "A").

24. Defendant's aforementioned letter bore a "Re" of: "Ng Guide To Brain Health Dix."

25. Defendant's aforementioned letter contained the following language:

"Apparently someone has led you to believe that creditors like **National Geographic Society** will eventually forget about the money you owe them. Please let us correct that mistaken idea. Our client has employed us to make sure you know this account will not be forgotten. In fact, we have been specifically requested to pursue additional collections.

Consider your position in this matter.

1) You requested and received merchandise or services from our client.

2) You were properly billed for this purchase.

3) Despite numerous requests, you have not paid this legitimate debt.

These are facts, and they leave no justification for your lack of response. So, it only makes good sense to **settle this matter at once by sending in your payment** along with the bottom portion of this letter."

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. 15 USC §1692 d – preface prohibits a debt collector from engaging in any

conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

28.     Defendant is in obvious and blatant violation of 15 USC §1692 d – preface by means of an abusive debt collection policy which entails the design and creation of an insulting and objectionable letter disseminated to consumers with the deliberate intention to harass, insult, frighten and shame. As exemplified by letter sent to Plaintiff dated January 13, 2014, Defendant begins by implying that the consumer is a fool who has apparently been "led to believe" that all creditors in general will forget "the money you owe them," and goes on to request that the consumer "please" allow Defendant to correct this "mistaken idea."  Defendant compounds its insulting and specious presumptions by threatening that they will "make sure you know this account will not be forgotten," and in order to further alarm the consumer, threatens, "In fact, we have been specifically requested to pursue additional collections." Defendant then demands that the consumer "consider their position" which "position" is described as 1) having bought something, 2) been billed, and 3) "Despite numerous requests, you have not paid this legitimate debt." Defendant persists in characterizing the debt as "legitimate" by adamantly stating "These are the facts," adding, "and they leave no justification for your lack of response." Defendant thus attempts to create what it believes to be an irrefutable syllogism, with the deduction being, "So, it only makes good sense to settle this matter at once by sending in your payment."  As characterized by Defendant's mass-produced letter, the consumer is at fault, without any question and without any rights. It seems Defendant wishes to live up to its name "Retreival <u>MASTERS,</u>" with such aggressive collection methods which rely on abusing, harassing, intimidating and

provoking distress in consumers.

29.     15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in the connection with the collection of any debt.

30.     Defendant violated 15 USC §1692 e – preface by creating a mass-produced and disseminated letter which addresses consumer recipients from the first sentence in a blatantly insulting manner and goes on to presume and insist deceptively that the charge referenced is indisputably legitimate and that there is "no justification" for non payment.  Defendant deduces falsely that Plaintiff believes something because "someone" has led them to believe it, namely, that Defendant's client will forget about "the money you owe them." Defendant goes on to sarcastically state, "Please let us correct this mistaken idea," when Defendant has no possible way of knowing if a consumer was "led" to have such a spurious "mistaken idea" to begin with.  Defendant makes the manifestly false threat that it was employed to make sure the consumer doesn't forget the account and "in fact, we have been specifically requested to pursue additional collections," a threat with no basis in fact. Then Defendant demands that the consumer "consider your position" and goes on to describe actions taken by the consumer of purchasing, being billed and not paying as "facts," despite the *fact* that Defendant's letter goes out to multiple households where not only can payment have already been made, but non-receipt of merchandise, damaged merchandise, illness of consumer, and any number of occurrences can exist to "justify" non-payment. Defendant's untruthful characterization of the consumer and the consumer's actions and motives, as well as Defendant's baseless threats to "pursue additional collections,"

exemplify a deceitful and offensive collection policy intended to intimidate and deceive consumers.

31.     15 USC §1692 e (7) prohibits a debt collector from any false representation or implication that the consumer is guilty of disreputable conduct in order to disgrace the consumer while attempting to collect a debt.

32.     Defendant violated 15 USC §1692 e (7) by indicating that Plaintiff has "apparently" been "led to believe" that creditors will forget debts and it is Defendant's express job to disabuse them of this fantasy and "make sure you know this account will not be forgotten," followed by a claim that the "facts" indicate that the consumer has refused to pay a "legitimate" debt and has "no justification" for not paying. Defendant's language is deliberately and purposefully designed to embarrass, disgrace and shame consumers and to disparage the consumer's character by stating that it has been unequivocally determined, without a doubt, that the consumer has behaved in a disgraceful, disrespectable and dishonorable manner and essentially, is guilty of what amounts to attempting to steal merchandise.

33.     15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

34.     The Defendant violated 15 USC §1692 f - preface by creating an unfair, unconscionable and maliciously worded mass-produced notice for the purpose of causing shame, fear and distress in consumers. As exemplified by Defendant's letter to Plaintiff dated January 13, 2014, Defendant has written what, in essence, is an indictment of the consumer, with pre-determined guilt. Defendant characterizes itself as the being, or as Defendant's name infers, the "Master" who has been appointed to scold, admonish and

threaten the consumer and point out that no excuse or explanation exists for the consumer's dishonorable behavior and motives.  Further, it is clear that Defendant unfairly and maliciously targets least sophisticated consumers with the intent to shake them up with deceptive threats of being "specifically requested to pursue additional collections," so that they will fearfully contact Defendant to further Defendant's debt collection aims.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
          January 21, 2014

                                  Respectfully submitted,


                                  By:_____
                                  Daniel G. Ruggiero Esq., Of Counsel (Juris # 427574)
                                  M. HARVEY REPHEN & ASSOCIATES, P.C.
                                  708 Third Avenue, 6th Floor
                                  New York, New York 10017
                                  Phone:    (212) 796-0930
                                  Facsimile: (212) 330-7582
                                  *Attorney for the Plaintiff* ROBERTA WEINGARTEN

To:   RETRIEVAL-MASTERS CREDITORS BUREAU, INC.
      4 Westchester Plaza, Suite 110
      Elmsford, New York 10523

    *(Via Prescribed Service)*

    Clerk,
   United States District Court, Eastern District of New York

    *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO.:

ROBERTA WEINGARTEN,

                Plaintiff,

-against-


RETRIEVAL-MASTERS CREDITORS BUREAU, INC.,

                Defendant(s).

_____

## CLASS ACTION COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*

_____